Kenneth UPCHURCH and Ruthie Upchurch, Plaintiffs-Appellants,

v.

GENERAL MOTORS CORPORATION, Defendant-Appellee.

No. 29662.

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1971.

Carl Roth, Scott Baldwin, Marshall, Tex., Joe Lovelace, Linden, Tex., Jones, Jones & Baldwin, Marshall, Tex., Lovelace & Thompson, Linden, Tex., for plaintiffs-appellants.

Mark Martin, Royal H. Brin, Jr., Dallas, Tex., for defendant-appellee; Stras-

burger, Price, Kelton, Martin & Unis, Dallas, Tex., of counsel.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

On the morning of November 9, 1967, plaintiff Ruthie Upchurch was driving a 1967 Chevrolet automobile with her two pre-school children, Tammy and Jeffrey, in the back seat. Without warning, Tammy, aged 4, called out that Jeffrey, aged 3, had struck a match. Less than a minute later the interior of the car was engulfed in flames. Jeffrey died in the fire and Mrs. Upchurch received severe burns.

Mr. and Mrs. Upchurch brought this diversity action on a products liability theory, contending that the 1967 Chevrolet was defective in that its interior was constructed of highly flammable material. The jury returned a verdict for the defendant, General Motors Corporation.

On this appeal there is but one question: Did the district court err in admitting, over objections, the opinion of Dan Davidson, the Fire Marshal of Atlanta, Texas, as to the cause of the fire? It is contended that there were no facts in evidence to support his opinion and that it was based solely on hearsay. Finding this contention to be without merit, we affirm the judgment of the district court.

Davidson testified that he had been a Fire Marshal for nineteen years, that he had attended the Fire School at Texas A & M University for 20 years, and that he had served as an instructor at the fire investigation school held at Texas A & M. He was called to the scene of the fire and actually helped to extinguish it. He then conducted an investigation.

On direct examination Davidson was asked whether he had an opinion as to the cause of the fire. He stated that in his opinion there was flammable material on the floorboard in the back of the car. This opinion, he said, was based partly on his own investigation and partly on what he had been told. In his testimony, Davidson mentioned talking with James Upchurch, Ruthie's brother-in-law and the owner of the car, on the day of the fire. On his direct testimony he did not say what James Upchurch had told him.

On cross-examination, counsel for the plaintiffs asked Davidson specifically what the materials on the floor of the car were. Davidson replied that they were paper wrappers from hamburgers, hotdogs, straws and the like, and that he had been given this information by James Upchurch.

It is plaintiffs' contention on appeal that Davidson's opinion testimony should have been stricken, because it was based on hearsay.

Rule 43, Federal Rules of Civil Procedure, provides that "all evidence shall be admitted which is admissible * * * under the rules of evidence heretofore applied in courts of the United States * * * or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs * * *."

Davidson's testimony was admissible under Texas law. In Bryant v. Trinity Universal Insurance Co., 411 S.W.2d 945 (Tex.Civ.App.1967), a case involving the admissibility of opinion evidence based partially on hearsay, the court set forth the rule to be applied:

"The Texas authorities on this question are not easily reconcilable. Some of them indicate that if it be shown that any of the information upon which the expert witness bases his opinion comes to him by hearsay his opinion is without value and inadmissible unless the hearsay information is shown by undisputed evidence to be true. Others announce the rule that the opinion is admissible unless based *wholly* on hearsay.

"We do not think that the triers of the facts may properly be deprived of the opinion of an expert witness simply because in the course of an exten-

sive investigation he may have received a bit of information from some unnamed person, the truth of which was not shown. We are unwilling to hold that the testimony of an expert witness, whose opinion is based largely on facts actually known to him or proved to be true, is automatically rendered valueless and inadmissible merely because in the course of his investigation he heard someone make a casual hearsay statement which perhaps had some slight part in the formation of his opinion. We do not think the law requires us to do so. Such a holding, in our opinion, would thwart criminal investigations and deprive courts of valuable evidence.

\* \* \* \* \* \*

"It is our view that the admissibility of such expert testimony should be left to the sound discretion of the trial judge and that his decision should not be disturbed unless it be shown that he has abused that discretion." [Citations and footnotes omitted] [Emphasis in original] At 952, 953.

Davidson, from his experience and knowledge, could have concluded that the fire would not have started but for the presence of some extraneous material on the floor of the back seat. In the record before us there is evidence that there was such material present, and no real issue was made at trial to the contrary. James Upchurch testified and could have been examined by either party about his conversations with Davidson. We perceive no abuse of discretion in permitting Davidson's testimony to go to the jury.

The evidence being admissible under the Texas rule, it is unnecessary to examine our cases, which would appear to require the same result. See Gwathmey v. United States, 215 F.2d 148 (5th Cir. 1954); Weymouth v. Colorado Interstate Gas Co., 367 F.2d 84 (5th Cir. 1966); United States v. Williams, 447 F.2d 1285 (5th Cir. 1971) (en banc).

Affirmed.